[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

No. 08-11145
Non-Argument Calendar

_____

Agency No. A73-557-884

XUE YOU CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 28, 2008)**

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Xue You Chen, proceeding pro se, seeks review of the Board of Immigration Appeal's ("BIA") denial of his motion to reopen his proceedings so that he may seek adjustment of status, pursuant to 8 C.F.R. § 1003.2(c), as well as various underlying orders. For the reasons set forth below, we deny the petition in part and dismiss the petition in part.

## I. Facts

Chen filed an application for asylum and withholding of removal, pursuant to INA §§ 208 and 241 and 8 U.S.C. §§ 1158 and 1231. On July 11, 1997, after an asylum hearing, an Immigration Judge ("IJ") denied Chen's application for asylum and withholding of removal and granted voluntary departure. Chen did not appeal the IJ's decision to the BIA.

Chen filed three motions to reopen. In his first motion, Chen sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), pursuant to 8 C.F.R. § 208.16(c). On July 12, 1999, the IJ denied Chen's motion to reopen. Chen appealed the IJ's decision to the BIA. On May 6, 2002, the BIA affirmed without opinion the IJ's denial of Chen's motion to reopen.

In his second motion to reopen, Chen sought adjustment of status based on an approved labor certificate from the Department of Labor and approved petition for an employment-based immigration visa. The BIA granted the motion to reopen

2

and remanded the case for further proceedings. Chen filed an application for adjustment of status. On October 29, 2004, after a hearing, the IJ denied Chen's application for adjustment of status. Chen appealed the IJ's decision to the BIA, which affirmed without opinion. On June 19, 2007, because of a defect in the service of its earlier order, the BIA vacated the earlier order and issued a new order affirming the IJ's denial of Chen's application for adjustment of status.

On December 31, 2007, Chen filed the instant motion to reopen, to seek adjustment of status based on an approved petition for a family-based immigration visa filed on his behalf by his U.S. citizen sister. Chen attached the approved petition. On February 14, 2008, the BIA denied Chen's motion to reopen. The BIA reasoned that the motion to reopen was filed more than 90 days after the BIA's June 19, 2007, final decision and did not fall within any exception to this time limit. The BIA also reasoned that it found no exceptional circumstances to warrant sua sponte reopening the proceedings. On March 12, 2008, Chen submitted a petition for review of the BIA's February 14, 2008, order.

On appeal, Chen challenges (1) the IJ's July 11, 1997, denial of his asylum application; (2) the IJ's July 12, 1999, denial of his first motion to reopen, which sought CAT relief; (3) the BIA's May 6, 2002, affirmance of the IJ's denial of that motion to reopen; (4) the IJ's October, 29, 2004, denial of his application for adjustment of status based on his approved petition for an employment-based

3

immigration visa; (5) the BIA's June 19, 2007, affirmance of the IJ's denial of that application for adjustment of status; (6) and the BIA's February 14, 2008, denial of his motion to seek adjustment of status based on his approved petition for a family-based immigration visa.

## II. Underlying Orders

Pursuant to 8 U.S.C. § 1252(b)(1), a petitioner has 30 days from the date of a final order to file his petition for review of that order with this Court. We have held that the 30-day deadline is "mandatory and jurisdictional." Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004).

Chen's petition for review is timely only with regard to the BIA's February 14, 2008, denial of his last motion to reopen, which sought adjustment of status based on his approved petition for a family-based immigration visa. See 8 U.S.C. § 1252(b)(1). All of the underlying orders challenged by Chen, culminating with the BIA's June 19, 2007, affirmance of the IJ's denial of Chen's application for adjustment of status, were filed long before Chen's March 12, 2008, petition for review. The BIA's February 14, 2008, denial of Chen's motion to reopen, however, was filed within 30 days of Chen's petition for review. Accordingly, we lack jurisdiction to consider any order save the February 14, 2008, order and, therefore, dismiss the petition insofar as it challenges these other orders. See 8 U.S.C. § 1252(b)(1)); Dakane, 371 F.3d at 773 n.3.

4

### III. Final Motion to Reopen

We review the denial of the motion for an abuse of discretion. <u>Anin v. Reno</u>, 188 F.3d 1273, 1276 (11th Cir. 1999). This judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." <u>Garcia-Mir v. Smith</u>, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

Under 8 C.F.R. § 1003.2(a) and (c)(1), an alien may move the BIA to reopen a prior removal order based on new evidence. <u>See also</u> 8 U.S.C. § 1229a(c)(7)(C)(ii); INA § 240(c)(7)(C)(ii). However, the alien must file the motion no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(6)(A) and (C)(i); INA § 240(c)(6)(A) and (C)(i). This 90-day requirement is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." <u>Abdi v. U.S. Att'y Gen.</u>, 430 F.3d 1148, 1150 (11th Cir. 2005). An exception to the 90-day deadline exists, however, if (a) the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing;" (b) the

5

motion to reopen is agreed upon by all parties and jointly filed; or (c) the motion to reopen was filed by the INS "in exclusion or deportation proceedings when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum." 8 C.F.R. § 1003.2(c)(3); 8 U.S.C. § 1229a(c)(7)(C); INA § 240(c)(7)(C).

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. See Anin, 188 F.3d at 1276. The BIA issued its final order of removal on June 19, 2007, such that Chen's motion to reopen, submitted more than 6 months later on December 31, 2007, was filed well beyond the 90-day deadline for such a motion. See 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(6)(A) and (C)(i); INA § 240(c)(6)(A) and (C)(i). Also, Chen's motion to reopen was not based on changed country conditions, jointly filed, or filed by the INS itself, such that it did not fall under any of the exceptions to the 90-day deadline. See 8 C.F.R. § 1003.2(c)(3); 8 U.S.C. § 1229a(c)(7)(C); INA § 240(c)(7)(C). Accordingly, the BIA's exercise of its discretion was neither arbitrary or capricious, and, therefore, we deny the petition as to this matter. See Garcia-Mir, 766 F.2d at 1490.

## IV. Discretion to Sua Sponte Reopen[1]

Also under 8 C.F.R. § 1003.2(a), the BIA may reopen proceedings in a case in which it has rendered a decision at any time upon its own motion. We have held

---

[1] The government raised this issue on appeal.

that 8 C.F.R. § 1003.2 "reposes very broad discretion in the BIA 'to reopen or reconsider' any motion it has rendered at any time or, on the other hand, '[to] deny a motion to reopen.'" Anin, 188 F.3d at 1279 (construing 8 C.F.R. § 3.2, which is substantively identical to 8 C.F.R. § 1003.2).  Indeed, we recently held, in Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1293-94 (11th Cir. 2008), that the discretion discussed in Anin was so broad that the we lack jurisdiction to entertain an appeal of the BIA's decision not to sua sponte reopen.

The BIA expressly declined to reopen Chen's removal order sua sponte. Regardless of whether the  BIA's conclusions were correct, its discretion to refuse to reopen the case sua sponte was so broad as to be non-reviewable.  Id. Accordingly, we lack jurisdiction to review the BIA's decision and, therefore, dismiss the petition as to this matter.  See id.

**PETITION DENIED IN PART, DISMISSED IN PART.**